UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLSTAR MARKETING GROUP, LLC,

                                        Plaintiff,

              -v-

4UTOTO, et al.,

                                        Defendants.

20 Civ. 8401 (PAE) (SDA)

ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the March 2, 2022 Report and Recommendation of the Honorable

Stewart D. Aaron, United States Magistrate Judge, conducting an inquest into the damages

plaintiff Allstar Marketing Group ("Allstar") is due.  Dkt. 52 (the "Report").  For the following

reasons, the Court adopts the Report's recommendation that Allstar be awarded $50,000 against

each of the 25 defaulting defendants for a total of $1,250,000, plus post-judgment interest.

**I.        Background**

On October 8, 2020, Allstar filed the complaint.  *See* Dkts. 2, 7.  On October 19, 2020,

Allstar served defendants with process, making defendants' deadline to answer or otherwise

respond November 9, 2020.  *See* Dkt. 21.  The defaulting defendants have not responded to the

complaint or otherwise appeared in this action.[1]  On August 18, 2021, Allstar obtained a Clerk's

Certificate of Default against the defaulting defendants.  Dkt. 35.  On August 25, 2021, Allstar

---

[1] These defendants are 4utoto, dongmakjhg, easybuying368, excellbuying, funnyatmosphere,
gracefulvara, jewelryzhang888, lilybeibei, newlivehappy, priestlyy, qiangw21, s-2344, sgostore,
shzh_7, startingline59, stayreal999, st-ec, topbosss, tradeus8, winedya622, xen-9233, xovo1894,
yang_kent, yhxclx2010 and yoyomodel.

filed a motion for default judgment. Dkt. 36. On August 31, 2021, Allstar served defaulting defendants with its motion for a default judgment. Dkt. 40.

On December 10, 2021, this action was reassigned to this Court. On December 15, 2021, the Court issued an order to show cause as to why a default judgment should not be entered against the defaulting defendants and respond by January 5, 2022. Dkt. 41. On December 27, 2021, Allstar filed a certificate of service stating that defendants had been served with the order to show cause on December 21, 2021. Dkt. 42. On January 18, 2022, the Court granted default judgment, Dkt. 43, and, the next day, referred the case to Judge Aaron for an inquest, Dkt. 44.

On March 2, 2022, Judge Aaron issued the Report. The Court incorporates by reference the summary of the facts provided in the Report. The Report recommended that Allstar be awarded $50,000 in statutory damages per defaulting defendant and post-judgment interest pursuant to 28 U.S.C. § 1961. Report at 11–12. The Report further directed Allstar to serve the Report on the defaulting defendants, no later than March 4, 2022, pursuant to the alternative methods of service authorized, Dkt. 24, and to file proof of service on the docket forthwith. *Id.* at 12.

On March 4, 2022, Allstar filed a certificate of service declaring that on March 2, 2022, it had served the Report as directed by Judge Aaron. Dkt. 53.

**II.    Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y.

Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4

(S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169

(S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate.

Careful review of Judge Aaron's thorough and well-reasoned Report reveals no facial error in its

conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states

that the "parties shall have fourteen days" to object and "failure to file these timely objections

will result in a waiver of those objections for purposes of appeal," Report at 12–13, the parties'

failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517

F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d

Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. The Court accordingly

awards Allstar $50,000 per defaulting defendant plus post-judgment interest.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: March 28, 2022
      New York, New York